DORA DE VRIES, Appellant, v. ED MOSS et al., Appellees.

**VENDOR AND PURCHASER:** Remedies of Vendor—Purchase Price—Nonassumption of Payment. Where several successive vendees of land separately and independently contract for a resale, the last vendee does not impliedly assume and impliedly agree to discharge any of the prior contracts *because he takes and retains possession of the land with full knowledge that said prior contracts have not been fulfilled.*

*Appeal from Sioux District Court.*—WILLIAM HUTCHINSON, Judge.

SEPTEMBER 19, 1922.

SUIT in equity, primarily for specific performance of a contract of sale of a farm. Plaintiff also demands judgment for balance due on contract of sale. The court refused to direct

specific performance or to enter judgment for plaintiff, and dismissed plaintiff's petition. Plaintiff appeals.—*Affirmed.*

*Klay & Klay,* for appellant.

*J. A. Berry,* for appellees.

ARTHUR, J.—Plaintiff, owner of 195 acres of land situated in Sioux County, on April 30, 1919, sold it, under a written contract, for $330 per acre, to defendants Ed Moss and William Davelaar. On May 16, 1919, Ed Moss and William Davelaar by written contract sold the land to defendant Matt Roubas, for $350 per acre. On May 20, 1919, Matt Roubas sold the land by written contract to defendants C. R. Jongewaard and William Van Steenbergen, for $365 per acre. In June, 1919, C. R. Jongewaard and William Van Steenbergen sold the land to defendant Ben Van De Berg, for $402.50 per acre. A little later, Ben Van De Berg sold the land on contract to defendant Peter Brunsting. Some initial payments were made on all of these contracts, but all of the defendants failed to make payments as provided in their contracts. On July 15, 1921, defendants Ed Moss and William Davelaar assigned to plaintiff their contract for the sale of the land to defendant Matt Roubas. On April 21, 1921, defendant Matt Roubas assigned to plaintiff his contract of sale to C. R. Jongewaard and William Van Steenbergen. Also, the plaintiff received an assignment from Ed Moss and William Davelaar of the contract that she had made with them. When the above mentioned assignments were made to plaintiff, defendants Moss, Roubas, Van Steenbergen, and C. R. Jongewaard together paid plaintiff $8,500. The record does not disclose the nature of the arrangement between these defendants and plaintiff when the $8,500 was paid, but in the trial there was no controversy between these defendants and plaintiff. The issues tried were between plaintiff and Ben Van De Berg. On receiving assignments of these three contracts, plaintiff endeavored to show that C. R. Jongewaard and William Van Steenbergen assigned their contract of purchase from defendant Matt Roubas to Ben Van De Berg, and thus to connect Van De Berg in contractual relation with plaintiff. Upon this series of contracts and assignments plaintiff bases her claim that Ben Van

De Berg assumed and agreed to pay the balance due of the consideration for which she sold her property to defendants Ed Moss and William Davelaar.

The defense interposed by defendant Van De Berg was that none of the contracts was assigned to him; that he had no dealing or contractual relation whatever with the plaintiff, through any contract or assignment of contract; that there was no mutuality or privity of contract between him and plaintiff; that he did not receive assignment from Jongewaard and Van Steenbergen of their contract with Matt Roubas; but that, when he purchased, a new and separate contract was made between him and Jongewaard and Van Steenbergen, which contract provided that he, Van De Berg, was to pay Moss, and was to receive a deed from Moss.

The court found against plaintiff on the issues, and dismissed her petition.

We have examined the evidence carefully. It is sufficient to say that plaintiff failed to establish that any contractual relation existed between her and Van De Berg. On the other hand, we think that the evidence shows by a clear preponderance that Van De Berg never assumed or agreed to pay to plaintiff the purchase price of the property, or any other amount. We scarcely believe that counsel for appellant seriously contend that Van De Berg is personally liable for the payments due plaintiff in the sale she made. Counsel strenuously urge, however, and ably argue, that Van De Berg, having knowledge of the outstanding, preceding contracts, and that such contracts had not been fulfilled, and electing, after plaintiff brought this action to recover the unpaid purchase price, to retain possession of the land, is personally liable, and by implication assumes the payment of the amounts remaining due plaintiff on her contract. Counsel rely on the recent case of *Duntz v. Ames Cemetery Assn.*, 192 Iowa 1341, in support of their position. As we understand their position, it is, briefly, that Van De Berg cannot refuse payment of the balance due plaintiff on her sale, even though there was no direct contractual relation between them, and at the same time retain possession of the land. We think counsel's position does not find support in the *Duntz* case. In the *Duntz* case, the city, by its written record and the statements of its officers, as-

sumed and agreed to pay all the outstanding obligations of the cemetery association, including the debt to Duntz. Peter Brunsting, to whom Van De Berg sold the land, defaulted, and Van De Berg took possession of the premises, and was in possession at the time of the trial.

In their brief, counsel say:

"If the court holds that the plaintiff is not entitled to recover on her contract, nor as assignee under the Moss-Davelaar contract, she then contends that she is entitled to have her title quieted as against the defendant Ben Van De Berg, and to judgment for the reasonable value of the use of the premises for the years 1920, 1921, and 1922, as against Ben Van De Berg."

Undoubtedly, plaintiff could have her title quieted against all of the defendants; they all have defaulted in their contracts. But such relief was not asked in her petition, unless it may be included in her prayer for general relief. The record does not disclose that such relief was pressed in the lower court, and we will not consider it. Neither was there any showing of the value of the use of the premises on which to base a recovery, if plaintiff were entitled to same.

We reach the conclusion that the judgment of the lower court is correct, and it is affirmed.—*Affirmed.*

STEVENS, C. J., EVANS and FAVILLE, JJ., concur.